UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CHELSEA OLIVER** | **CIVIL ACTION** |
| **VERSUS** | **NO. 21-1831** |
| **ROEHM AMERICA, LLC et al.** | **SECTION: "G"(4)** |

**ORDER AND REASONS**

This litigation arises from an alleged controversy over Plaintiff-in-counterclaim Roehm America, LLC's ("Roehm") termination of Defendant-in-counterclaim Chelsea Oliver ("Oliver").[1] Roehm bring claims for intentional misrepresentation, unjust enrichment, and damages against Oliver.[2] Before the Court is Oliver's "Motion to Dismiss Counterclaims."[3] In the motion, Oliver argues that Roehm fails to state a claim against her such that its claims should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).[4] Roehm opposes the motion.[5] Oliver replies in further support of the motion.[6] Having considered the motion, the memoranda in support and in opposition, the record, and the applicable law, the Court grants the motion and dismisses Roehm's Counterclaim because any claim for intentional misrepresentation is prescribed and any claim for unjust enrichment is barred by the availability of another remedy at law.

---

[1] *See* Rec. Doc. 48.

[2] Rec. Doc. 89 at 57–61.

[3] Rec. Doc. 97.

[4] *See id.*

[5] Rec. Doc. 98.

[6] Rec. Doc. 102.

**I. Background**

On October 5, 2021, Oliver filed a Complaint in this Court against Roehm, Yolanda Brown, and Andrew Stillufsen.[7] On December 21, 2021, Oliver filed a First Amended Complaint.[8] On March 29, 2022, Oliver filed a Second Amended Complaint adding Chubb Insurance Company of New Jersey and Federal Insurance Company as defendants and alleging violations of Title VII of the Civil Rights Act of 1964 ("Title VII"),[9] the Americans with Disabilities Act (the "ADA"),[10] the Family and Medical Leave Act of 1993 (the "FMLA"),[11] the Employee Retirement Income Security Act ("ERISA"),[12] and Louisiana law.[13] On October 20, 2022, the Court granted in part and denied in part Roehm's motion to dismiss the Second Amended Complaint.[14] On November 18, 2022, Roehm filed the instant Counterclaim against Oliver.[15]

In the Counterclaim, Roehm alleges that it employed Oliver as an administrative assistant at its Waggaman, Louisiana facility (the "Facility") on August 1, 2019.[16] Roehm avers that Oliver had previously been employed by Evonik Corporation ("Evonik"), the Facility's previous owner,

---

[7] Rec. Doc. 1.

[8] Rec. Doc. 17.

[9] 42 U.S.C. § 2000e *et seq*.

[10] 42 U.S.C. § 12101 *et seq.*

[11] 29 U.S.C. § 2601 *et seq*.

[12] 29 U.S.C. § 1001 *et seq*.

[13] Rec. Doc. 48.

[14] Rec. Doc. 78.

[15] Rec. Doc. 89 at 52–62.

[16] *Id*. at 53.

beginning on March 27, 2017.[17] Roehm alleges that "Oliver was a non-exempt, salaried employee required to keep track of her hours."[18] Roehm further alleges that Oliver claimed to work approximately 4.25 hours of overtime per week for Evonik in 2017, 6.7 hours of overtime per week in 2018, approximately 8 hours of overtime per week between December 22, 2018 and March 29, 2019, and 12.6 hours of overtime per week between March 30, 2019 and August 2, 2019.[19]

Roehm avers that it purchased the Facility from Evonik and began employing Oliver on August 1, 2019.[20] Roehm alleges that Oliver claimed to have worked 28.18 hours of overtime per week between August 3, 2019 and December 20, 2019, approximately 40 hours of overtime per week between November 9, 2019 and December 20, 2019, and approximately 37 hours of overtime per week between December 21, 2019 and February 28, 2020.[21] Roehm further alleges that, between December 29, 2019 and March 2, 2020, Oliver claimed to work every single day, never less than 5.5 hours per weekend day, and an average of approximately 77.9 hours per week.[22] Roehm contends that it "became aware of the inordinate amount of overtime Oliver claimed to have worked" in August 2020, conducted a review, and determined that Oliver "had misrepresented her hours worked" and "intentionally falsified her pay records" because "Oliver

---

[17] *Id*.

[18] *Id*.

[19] *Id*. at 53–54.

[20] *Id*. at 55.

[21] *Id*. Roehm alleges that Plaintiff received over $15,000 in overtime pay and only $11,324.25 in regular pay between December 21, 2019 and February 28, 2020. *Id*.

[22] *Id*. at 56.

3

simply did not have enough work to do during that period to support the amount of overtime she claimed."[23]

Roehm alleges that, during "a telephone conference call on October 6, 2020, when given an opportunity to provide an explanation . . . [Oliver] could provide no response."[24] Thus, Roehm terminated Oliver's employment on October 6, 2020.[25] Roehm now brings claims for intentional misrepresentation (the "Misrepresentation Claim"), unjust enrichment (the "Unjust Enrichment Claim"), and damages, against Oliver.[26]

On December 22, 2022, Oliver filed the instant "Motion to Dismiss Counterclaims."[27] On January 3, 2023, Roehm filed an opposition to the motion.[28] On January 10, 2023, Oliver filed a reply in further support of the motion.[29]

## II. Parties' Arguments

### A.   *Oliver's Arguments in Support of the Motion*

In support of the instant motion, Oliver argues that Roehm seeks to "intimidate her by filing blatantly prescribed counterclaims for the sole purpose of retaliating against [her]."[30] Oliver asks

---

[23] *Id*. at 56–57.

[24] *Id*. at 57.

[25] *Id*.

[26] *See id*. at 57–61.

[27] Rec. Doc. 97.

[28] Rec. Doc. 98.

[29] Rec. Doc. 102.

[30] Rec. Doc. 97-1 at 2.

4

the Court to dismiss the Counterclaim pursuant to Federal Rule of Civil Procedure 12(b)(6).[31] Specifically, Oliver brings four arguments.

First, Oliver argues that the Misrepresentation Claim should be dismissed because it is prescribed.[32] Oliver avers that, under Louisiana law, any claim for misrepresentation is subject to a prescription period of one year.[33] Oliver asserts that Roehm alleges it became aware of her supposed misrepresentation "[i]n or around August 2020" but "waited until November 18, 2022, to file a claim related to these [allegations]."[34] Oliver further contends that "all misrepresentation is alleged to have occurred on or before March 2, 2020.[35] Thus, Oliver concludes that the claims are time-barred because all alleged misrepresentation occurred prior to November 18, 2021.[36]

Second, Oliver argues that the Unjust Enrichment Claim should be dismissed as a remedy "only available under Louisiana law to fill a gap when no other remedy at law is available."[37] Oliver contends that Louisiana courts held that, where a plaintiff had a delictual cause of action, that plaintiff is "prohibited from having an equitable remedy for unjust enrichment."[38] Oliver further contends that another judge in the Eastern District of Louisiana "granted a motion to dismiss an unjust enrichment claim where the plaintiff had also plead misrepresentation."[39] Thus,

---

[31] Rec. Doc. 97 at 1–2.

[32] Rec. Doc. 97-1 at 3.

[33] *Id*. (citing La. Civ. Code art. 3492).

[34] *Id*. (quoting Rec. Doc. 89 at 56).

[35] *Id*. at 3–4.

[36] *Id*. at 3.

[37] *Id*.

[38] *Id*. at 4 (citing *Mouton v. State*, 525 So.2d 1136, 1143 (La. App. 1st Cir. 1988)).

[39] *Id*. (citing *Ryan v. National Football League, Inc.,* No. 19-1811, 2019 WL 3430259, at *9 (E.D. La. July

5

Oliver concludes that Roehm may not maintain a claim for unjust enrichment because Plaintiff brought a claim for intentional misrepresentation.[40]

Third, Oliver argues that Roehm's claims "sound in fraud and are therefore subject to the heightened pleading standard of Fed. R. Civ. P. 9(b)."[41] Oliver avers that Roehm fails to allege when the fraud specifically occurred, how many hours she truly worked and how many hours were fraudulently reported.[42] Thus, Oliver concludes that the claims must be dismissed.[43]

Fourth, Oliver argues that "the Fifth Circuit does not generally allow employers to file counterclaims to obtain reimbursement for wages to employees" in the context of claims under the Fair Labor Standards Act of 1938 ("FLSA") and that the same reasoning should apply to claims under Title VII, the FMLA the ADA, and ERISA.[44] Thus, Oliver concludes that Roehm's Counterclaim should be dismissed.[45]

### B. Roehm's Arguments in Opposition to the Motion

In opposition, "Roehm does not contest Oliver's argument that [the Misrepresentation Claim] and the damages associated therewith (including punitive damages) is time barred."[46]

---

30, 2019)).

[40] *Id*. at 5.

[41] *Id*.

[42] *Id*. at 5–6.

[43] *Id*.

[44] *Id*. (citing *Brennan v. Heard*, 491 F.2d 1, 4 (5th Cir. 1974)).

[45] *Id*. at 7.

[46] Rec. Doc. 98 at 3.

However, Roehm makes three arguments in opposition to dismissal of the Unjust Enrichment Claim.

First, Roehm argues that its Unjust Enrichment Claim is not time-barred. Roehm acknowledges that the Fifth Circuit held in *Ferrara Fire Apparatus, Inc. v. JLG Industries, Inc.* that "because the plaintiff 'could have brought a claim for breach of contract for any damages it incurred during the time the contract was still in effect,' the plaintiff could not 'maintain a cause of action for unjust enrichment during that time.'"[47] However, Roehm asserts that it has not brought a breach of contract counterclaim against Oliver.[48] Roehm further asserts that "[t]he Fifth Circuit in *Ferrara* did not address the question of whether the plaintiff was 'legally entitled to seek damages for unjust enrichment based on [the defendant's] conduct *after* [the defendant] terminated the agreement."[49] Therefore, Roehm avers that whether it can maintain the Unjust Enrichment Claim alongside a prescribed tort claim is an unresolved issue.[50]

Second, Roehm argues that it does not assert a claim for fraud, and therefore the Counterclaim should not be dismissed for failing to meet the heightened pleading standard under Rule 9(b).[51] Roehm asserts that unjust enrichment sounds in equity, not in fraud, and "Oliver does not contend that [the Unjust Enrichment Claim] fails to meet the requirements of Rule 8."[52] Thus,

---

[47] *Id*. at 4 (quoting *Ferrara Fire Apparatus, Inc. v. JLG Indus., Inc.,* 581 F. App'x 440, 444 (5th Cir. 2007)).

[48] *Id*.

[49] *Id*. (quoting *Ferrara*, 581 F. App'x at 444).

[50] *Id*. at 5–6 (citing *Hall v. Habul,* No. 13-406, 2014 WL 2441177, at *5 (M.D. La. May 30, 2014); *Prop. One, Inc. v. USAgencies, L.L.C.*, 830 F. Supp. 2d 170 (M.D. La. 2011)).

[51] *See id.* at 6.

[52] *Id*. at 6–7.

Roehm concludes that the Unjust Enrichment Claim should not be dismissed for failing to plead fraud with particularity.[53]

Third, Roehm argues that Oliver does not bring claims under the FLSA, and so the Court should reject Oliver's argument based on cases applying the FLSA that Roehm's counterclaim for reimbursement of wages must be dismissed.[54] Roehm avers that "[n]one of the actual federal statutes under which Oliver is proceeding here imposes any such pleading limitations."[55] Thus, Roehm concludes that Oliver's motion should be denied.[56]

C.  *Oliver's Arguments in Further Support of the Motion*

In reply, Oliver makes four arguments in further support of the motion to dismiss.[57] First, Oliver argues that the Misrepresentation Claim should be dismissed because Roehm does not contest that the claim is prescribed.[58]

Second, Oliver argues that Roehm cannot maintain the Unjust Enrichment Claim because it is trying to evade the prescriptive period for the Misrepresentation Claim by calling the same claim unjust enrichment.[59] Oliver asserts that Louisiana Civil Code article 2298 clearly states that "unjust enrichment is available if and only if no other remedy is available at law."[60] Oliver avers

---

[53] *See id*. at 7.

[54] *See id*.

[55] *Id*. at 8.

[56] *Id*.

[57] *See* Rec. Doc. 102.

[58] *Id*. at 2.

[59] *Id*.

[60] *Id*. at 3.

that, "[i]n line with the mandate to uphold the Louisiana Civil Code, in *Walters v. MedSouth Record Management., LLC,* . . . the Louisiana Supreme Court held that, where a plaintiff pled a delictual action . . ., he was precluded from seeking to recover under unjust enrichment."[61] Oliver further contends that the Fifth Circuit echoed this holding in *Ferrara* by stating that "[t]he important question is whether another remedy is available, not whether the party seeking a remedy will be successful."[62] Oliver also argues that Roehm interprets other cases in this district out of context in asserting that courts differ in their interpretation of *Walters*.[63]  Oliver asserts that these cases cited by Roehm are inapplicable because "Roehm does not plead alternative facts to support a claim for unjust enrichment."[64] Rather, Oliver argues that the Counterclaim explicitly states that the Unjust Enrichment claim is based on the same facts as the Misrepresentation Claim.[65] Thus, Oliver concludes that Roehm cannot state a claim for unjust enrichment.[66]

Third, Oliver argues that Roehm did not plead all the elements of an unjust enrichment claim because it fails to adequately plead that there are no other remedies.[67] Oliver asserts that "Roehm perfunctorily pled that it 'has no other remedy at law.'"[68] Oliver avers that such recitation

---

[61] *Id*. (citing *Walters v. MedSouth Record Mgmt., LLC*, 2010-0352 (La. 6/4/10), 38 So.3d 245).

[62] *Id*. (quoting *Ferrara*, 581 F. App'x at 443–44).

[63] *Id*. at 4 (arguing that Roehm interprets *Hall v. Habul*, No. 13-406, 2014 WL 2441177 (E.D. La. May 30, 2014), out of context because the issue before that court was whether the plaintiff could state a claim for unjust enrichment where, pleading alternative facts, there would be no other applicable remedy).

[64] *Id*. at 4–5.

[65] *Id*. at 5.

[66] *Id*.

[67] *Id*.

[68] *Id*. at 6 (quoting Rec. Doc. 89 at 60).

9

of an element of a claim is not an adequate pleading.[69] Oliver further avers that "it is clear from the face of the [Counterclaim] that another remedy, intentional misrepresentation, is available and was pled."[70]

Fourth, Oliver argues that, if the Unjust Enrichment Claim is not barred, it is subject to the heightened pleading standard of Rule 9(b).[71] Oliver asserts that the allegations in the Counterclaim are averments of fraud that must be stated with particularity.[72] Oliver contends that, "[d]espite controlling all relevant documents and having had ample time to gather information through discovery, Roehm fails to identify a single date or time that [] Oliver allegedly did not work."[73] Thus, Oliver concludes that the Unjust Enrichment Claim should be dismissed.[74]

### III. Legal Standard

Federal Rule of Civil Procedure 12(b)(6) provides that an action may be dismissed for "failure to state a claim upon which relief can be granted."[75] A motion to dismiss for failure to state a claim is "viewed with disfavor and is rarely granted."[76] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is

---

[69] *Id*.

[70] *Id*.

[71] *Id*.

[72] *See id.* at 7.

[73] *Id*.

[74] *Id*.

[75] Fed. R. Civ. P. 12(b)(6).

[76] *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982).

plausible on its face.'"[77] "Factual allegations must be enough to raise a right to relief above the speculative level."[78] A claim is facially plausible when the plaintiff has pleaded facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged."[79]

On a motion to dismiss, asserted claims are liberally construed in favor of the claimant, and all facts pleaded are taken as true.[80] However, although required to accept all "well-pleaded facts" as true, a court is not required to accept legal conclusions as true.[81] "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."[82] Similarly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" will not suffice.[83] The complaint need not contain detailed factual allegations, but it must offer more than mere labels, legal conclusions, or formulaic recitations of the elements of a cause of action.[84] That is, the complaint must offer more than an "unadorned, the-defendant-unlawfully-harmed-me accusation."[85] From the face of the complaint, there must be enough factual matter to raise a reasonable expectation that discovery will reveal evidence as to each

---

[77] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[78] *Twombly*, 550 U.S. at 555.

[79] *Iqbal*, 556 U.S. at 663 (citing *Twombly*, 550 U.S. at 556).

[80] *Leatherman v. Tarrant Cnty. Narcotics Intel. & Coordination Unit*, 507 U.S. 163, 164 (1993); *see also Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322–23 (2007).

[81] *Iqbal*, 556 U.S. at 678–79.

[82] *Id.* at 679.

[83] *Id.* at 678.

[84] *Id.*

[85] *Id.*

element of the asserted claims.[86] If factual allegations are insufficient to raise a right to relief above the speculative level, or if it is apparent from the face of the complaint that there is an "insuperable" bar to relief, the claim must be dismissed.[87]

### IV. Analysis

In the instant motion, Oliver seeks dismissal of Roehm's Counterclaim.[88] In the Counterclaim, Roehm brings causes of action for intentional misrepresentation and unjust enrichment under Louisiana law.[89] Oliver argues that the Misrepresentation Claim is prescribed and the Unjust Enrichment Claim is barred because Roehm has another delictual cause of action.[90] Roehm concedes that any counterclaim against Oliver for intentional misrepresentation is prescribed.[91] Accordingly, the Court dismisses the Misrepresentation Claim as a delictual cause of action filed more than one year after any damage Roehm allegedly sustained.[92]

However, Roehm argues that whether the prescribed Misrepresentation Claim bars Roehm

---

[86] *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir. 2009).

[87] *Carbe v. Lappin*, 492 F.3d 325, 328 n.9 (5th Cir. 2007); *Moore v. Metro. Hum. Serv. Dist.*, No. 09-6470, 2010 WL 1462224, at * 2 (E.D. La. Apr. 8, 2010) (Vance, J.) (citing *Jones v. Bock*, 549 U.S. 199, 215 (2007)).

[88] *See* Rec. Doc. 97.

[89] Rec. Doc. 89.

[90] *See* Rec. Doc. 97-1.

[91] Rec. Doc. 98 at 3.

[92] The Misrepresentation Claim is prescribed because Roehm admits that Oliver was terminated on October 6, 2020, for her alleged misrepresentation the number of overtime hours she worked, but failed to bring the claim until filing the instant Counterclaim on November 18, 2022, more than a year after suffering any injury alleged. *See* La. Civ. Code art. 3492 ("Delictual actions are subject to a liberative prescription of one year. This prescription commences to run from the day injury or damage is sustained."); *see also Doucet v. Lafourche Parish Fire Protection Dist. No. 3*, 589 So.2d 517, 518 (La. App. 1st Cir. 1991) ("Misrepresentation, intentional or negligent, is a delict . . .").

from bringing the Unjust Enrichment Claim is an unsettled area of law.[93] Oliver argues that the law is clear and Roehm cannot sustain the Unjust Enrichment Claim because it has another remedy available at law.[94] Under Louisiana Civil Code article 2298, to sustain a claim for unjust enrichment, a plaintiff must satisfy five elements: "(1) the defendant was enriched; (2) the plaintiff was impoverished; (3) a causal relationship exists between the defendant's enrichment and the plaintiff's impoverishment; (4) there is no justification or legal cause for the enrichment and impoverishment; and (5) the plaintiff has no other remedy at law available."[95]

Oliver correctly argues that Roehm cannot satisfy the fifth element—that there is no other remedy available at law. In *LaShip, LLC v. Hayward Baker Inc.*, this Court granted summary judgment to the defendant on the plaintiff's unjust enrichment claim where the plaintiff had also brought a tort claim, holding that "[i]f a plaintiff has a remedy under tort law, then he may not bring a claim for unjust enrichment."[96] Further, the Louisiana Supreme Court has held that it is irrelevant if a plaintiff's tort claim has prescribed because "[t]he mere fact that a plaintiff does not successfully pursue another remedy does not give the plaintiff the right to recover under the theory of unjust enrichment."[97] Roehm unsuccessfully brings a prescribed tort claim and thus cannot recover under a theory of unjust enrichment.

Nevertheless, despite this definitive case law, Roehm argues that other courts have found

---

[93] *See* Rec. Doc. 98 at 3–6.

[94] Rec. Doc. 102 at 3.

[95] *Ferrara Fire Apparatus, Inc., v. JLG Indus., Inc.*, 581 F. App'x 440, 444 (5th Cir. 2014) (citing *Carriere v. Bank of La.*, 95-3058 (La. 12/13/96), 702 So.2d 648, 671).

[96] 2013 WL 5739062, at *9 (E.D. La. Oct. 22, 2013) (Brown, J.) (dismissing the plaintiff's unjust enrichment claim even though there was a genuine issue of fact as to whether the plaintiff's negligence claim was prescribed).

[97] *Walters v. MedSouth Record Mgmt., LLC*, 2010-0352 (La. 6/4/10), 38 So.3d 241, 242.

that a plaintiff may also plead unjust enrichment in the alternative where that plaintiff brings a tort claim.[98] Those cases are inapplicable here because Roehm does not plead unjust enrichment under alternative facts. Rather, in the Counterclaim, Roehm alleges that, "[a]s a result of [] Oliver's misrepresentation, she has been unjustly enriched."[99] Further, in opposition to the motion, Roehm does not argue that it pleads any alternative facts under which it could bring a claim for unjust enrichment but not intentional misrepresentation. Accordingly, a conclusion contrary to this Court's holding in *LaShip* is unwarranted. Plaintiff has another remedy at law and cannot state a claim for unjust enrichment. Thus, the Court dismisses the Unjust Enrichment Claim.

### V. Conclusion

Roehm fails to state a claim for intentional misrepresentation or unjust enrichment. Accordingly,

**IT IS HEREBY ORDERED** that Oliver's "Motion to Dismiss Counterclaims"[100] is **GRANTED.**

**IT IS FURTHER ORDERED** that Roehm's counterclaims against Oliver are **DISMISSED WITH PREJUDICE**.

**NEW ORLEANS, LOUISIANA,** this 13th day of March, 2023.

*[Signature]*
**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[98] Rec. Doc. 98 at 5–6.

[99] Rec. Doc. 89 at 60.

[100] Rec. Doc. 97.